# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SAYED MOHAMAD ALALI-AMIN,
　　　　　　　　　*Petitioner*,

　　　　　v.

MICHAEL B. MUKASEY, ATTORNEY
GENERAL,
　　　　　　　　　*Respondent*.

No. 06-75411

Agency No.
A28 763 018

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 15, 2008—San Francisco, California

Filed April 28, 2008

Before: William C. Canby, Jr., and Milan D. Smith, Jr.,
Circuit Judges, and Stephen G. Larson,* District Judge.

Opinion by Judge Larson

---

*The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

**COUNSEL**

Homayun F. Zadeh, San Francisco, California, for the petitioner.

Anh-Thu P. Mai and Liza S. Murcia, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for the respondent.

**OPINION**

LARSON, District Judge:

Sayed Mohamad Alali-Amin, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") denial of his motion to reopen as untimely. For the reason set forth below, we deny the petition.

The REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), confers jurisdiction upon this court to review constitutional claims and questions of law related to an order of removal.

Petitioner was admitted to the United States on August 14, 1983, on a six-month, non-immigrant visa. On December 6, 1983, his status was changed to student, and he was authorized to remain for the duration of that status. On September 9, 1988, petitioner filed an application for asylum, which was denied on March 7, 1990, and petitioner was subjected to deportation proceedings because he failed to comply with the conditions of his status. On June 20, 1990, an Immigration Judge ("IJ") found petitioner deportable and issued a deporta-

tion order. Petitioner filed an appeal with the BIA, and the parties thereafter filed a joint motion to reopen the deportation proceeding. On April 3, 1991, the BIA granted that motion and remanded the case to the IJ to allow petitioner to seek asylum and withholding of deportation.

On June 19, 1991, while his deportation proceeding was pending, petitioner was convicted of two counts of vehicular manslaughter while intoxicated (in violation of Cal. Penal Code § 191.5) and one count of use of cocaine (in violation of Cal. Health & Safety Code § 11550). He was sentenced to ten years of imprisonment for the vehicular manslaughter offense.

On March 31, 1992, the IJ administratively closed the deportation proceeding in light of petitioner's incarceration. On September 12, 1996, the former INS sought petitioner's deportation on the additional ground of his conviction. The IJ found petitioner subject to deportation; petitioner renewed his request for asylum and withholding of deportation, and further sought protection under the Convention Against Torture ("CAT"). On January 31, 2000, the IJ denied the application for asylum and withholding of deportation and ordered petitioner deported to Iran; however, the IJ also granted him protection under CAT and ordered deferral of his deportation pursuant to 8 C.F.R. § 208.17 (duplicated at 8 C.F.R. § 1208.17).[1]

Approximately six years later, on December 15, 2005, petitioner filed his motion to reopen the removal proceeding. Therein, petitioner sought an adjustment of his status to that of lawful permanent resident by reason of his marriage to a United States citizen. The IJ denied the motion to reopen as

---

[1]Deferral of a removal order under CAT is granted where the applicant establishes that it is more likely than not that he would be tortured if removed to his native country. 8 C.F.R. § 1208.17(a); *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005).

untimely, reasoning that the time limitations set forth in 8 C.F.R. § 1003.23(b)(1) applied to bar petitioner's request for relief, and that 8 C.F.R. § 1208.17(e), which might otherwise authorize a motion to reopen by an alien, was inapplicable because petitioner did not seek the only relief authorized therein.[2]

Petitioner appealed the IJ's decision, which was affirmed on October 24, 2006, by the BIA. The BIA held that, pursuant to 8 C.F.R. § 1003.39 (relating to the finality of decisions of immigration judges), the January 31, 2000, decision of the IJ became final upon the expiration of the ninety-day period in which petitioner was entitled to appeal the decision. With the present petition, petitioner seeks review of the October 24, 2006, decision by the BIA.

A denial of a motion to reopen immigration proceedings is generally reviewed for abuse of discretion; however, where, as here, the issue presented is a "purely legal question," a *de novo* standard applies. *Cano-Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir. 2002).

In 2000, petitioner was ordered to be deported, but his removal was deferred pursuant to CAT. The regulations are clear that motions to reopen removal orders must be filed no later than ninety days after the date of entry of the removal order. 8 C.F.R. § 1003.23(b)(1) ("A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later."). Petitioner's motion to reopen was not filed until almost six years later, on December 15, 2005. He nevertheless contends that his motion is timely because his removal order was not a "final order."

---

[2]This provision allows an alien to file "a written request" "at any time" to seek the termination of his deferral, effectively allowing an alien to seek his own deportation. 8 C.F.R. § 1208.17(e)(1).

**[1]** Petitioner's argument is foreclosed by the statutory definition of an "order of deportation" and the accompanying provision regarding the finality of such an order. The January 31, 2000, order clearly falls within the statutory definition of an "order of deportation":

> (47)(A) The term "order of deportation" means the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation.

8 U.S.C. § 1101(a)(47)(A). That petitioner's deportation was deferred under CAT does not alter this conclusion. To the contrary, CAT deferrals may be granted only when an alien "has been ordered removed." 8 C.F.R. § 1208.17(a); *see also Molina-Camacho v. Ashcroft*, 393 F.3d 937, 940 (9th Cir. 2004) (noting that 8 U.S.C. § 1101(a)(47)(A), which defines "order of deportation," now applies to orders of removal as well), *overruled on other grounds by Lolong v. Gonzales*, 484 F.3d 1173, 1177-78 (9th Cir. 2007) (en banc).

**[2]** "Orders of deportation," in turn, become final when they are affirmed by the BIA or, if they are not appealed, they become final when the time to appeal them expires:

> (B) The order described under subparagraph (A) shall become final upon the earlier of—
>
> (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals.

8 U.S.C. § 1101(a)(47)(B). Here, the IJ's January 31, 2000, decision was an "order of deportation," but it was not

appealed by petitioner; thus, the order became "final" upon the expiration of the ninety-day time period in which petitioner had to seek review of the order, which was well before the date petitioner filed his motion in 2005.

**[3]** Thus, consistent with 8 U.S.C. § 1101(a)(47), the IJ correctly concluded that petitioner's motion to reopen proceedings was subject to the time limitations set forth in 8 C.F.R. § 1003.23(b)(1). Applying those time limitations, the IJ correctly concluded that petitioner's motion was untimely. The Board correctly affirmed the IJ's decision.

**PETITION FOR REVIEW DENIED.**