**Harjit SINGH; Kulbir Kaur, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75284.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 26, 2009.

Viney Gupta, Orange, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., DOJ–U.S. Department of Justice Civil, Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Harjit Singh and his wife Kulbir Kaur, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") order denying Singh's motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS,* 345 F.3d 777, 782 (9th Cir.2003), and we review de novo due process claims, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen for adjustment of status and to reapply for asylum and related relief because Singh's motion was untimely, *see* 8 C.F.R. § 1003.2(c); *Alali–Amin v. Mukasey,* 523 F.3d 1039, 1041–42 (9th Cir.2008), Singh failed to establish changed country conditions in India or other special circumstances that would warrant reopening, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Azanor v. Ashcroft,* 364 F.3d 1013, 1021–22 (9th Cir. 2004), and Singh · failed to establish his prima facie eligibility for relief, *see Ordo-*

** This disposition is not appropriate for publication and is not precedent except as provid-

*nez,* 345 F.3d at 784 (to establish a prima facie case, the evidence must reveal a reasonable likelihood that the statutory requirements for relief have been satisfied). It follows that the denial of Singh's motion to reopen did not violate due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim).

The BIA also did not abuse its discretion in denying as untimely Singh's motion to reopen based on ineffective assistance of counsel because the record does not present a clear and obvious case of ineffective assistance, *Castillo–Perez v. INS,* 212 F.3d 518, 525–26 (9th Cir.2000), and Singh failed to establish that he acted with the due diligence required for equitable tolling, *see Singh v. Gonzales,* 491 F.3d 1090, 1096–97 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**