**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDINO GABRIEL-PEREZ; VENANCIA PEREZ DE GABRIEL; EDUARDO GABRIEL-PEREZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71494 <br><br> Agency Nos. A076-356-260 <br> A076-356-337 <br> A072-402-852 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Bernardino Gabriel-Perez, his wife, Venancia Perez de Gabriel, and adult

son, Eduardo Gabriel-Perez, natives and citizens of Mexico, petition for review of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research

the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we review due process claims de novo, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because the motion was untimely, *see* 8 C.F.R. § 1003.2(c); *Alali-Amin v. Mukasey*, 523 F.3d 1039, 1041-42 (9th Cir. 2008), petitioners failed to establish changed circumstances in Mexico that would warrant reopening, *see* 8 C.F.R.§ 1003.2(c)(3)(ii); *Azanor v. Ashcroft*, 364 F.3d 1013, 1021-22 (9th Cir. 2004), and petitioners failed to establish prima facie eligibility for relief, *see Ordonez*, 345 F.3d at 785. It follows that the denial of petitioners' motion to reopen did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Petitioners also contend that the BIA erred by failing to consider Eduardo Gabriel-Perez' request to submit a separate asylum application. This contention is without merit because petitioners did not overcome the presumption that the BIA fully reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

Finally, there is no merit to petitioners' contention that the BIA erred by employing an incorrect legal standard.

**PETITION FOR REVIEW DENIED.**