**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MIGUEL ANGEL TORRES-JACINTO, | No. 11-72361 |
| Petitioner, | Agency No. A072-934-230 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2013
Seattle, Washington

Before: HAWKINS and NGUYEN, Circuit Judges, and SELNA, District Judge.**

Miguel Angel Torres-Jacinto ("Torres-Jacinto"), a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James V. Selna, District Judge for the U.S. District Court for
the Central District of California, sitting by designation.

to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252.[1] Reviewing for abuse of discretion the denial of a motion to reopen, *Alali-Amin v. Mukasey*, 523 F.3d 1039, 1041 (9th Cir. 2008), and de novo questions of law, including "whether the BIA applied the correct legal standard," *Rodriguez v. Holder*, 683 F.3d 1164, 1169–70 (9th Cir. 2012) (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006)), we deny the petition for review.

The BIA considered additional evidence of hardship to Torres-Jacinto's daughter, but noted that upon its "de novo review," it "would not find that his case presents 'extreme hardship' to his qualifying relatives," such that he would be entitled to relief under 8 U.S.C. § 1182(h)(1)(B). Determining that this new evidence "would not change the outcome" of his case, the BIA denied his motion to reopen, relying on *Matter of Coelho*, 20 I&N Dec. 464, 473 (BIA 1992).

Torres-Jacinto argues that the BIA applied an incorrect legal standard in determining whether his case should be reopened, essentially requiring him to make a definitive showing that he would prevail if the BIA were to grant his motion to

---

[1] We have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), such as Torres-Jacinto's present assertion that the BIA "used an erroneous legal standard in [its] analysis." *Rivera-Peraza v. Holder*, 684 F.3d 906, 909 (9th Cir. 2012) (quoting *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007)) (internal quotation marks omitted).

reopen.  He argues that, instead, he need only show a "reasonable likelihood that the statutory requirements for relief have been satisfied."  *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (quoting *In re S-V-*, 22 I&N Dec. 1306, 1307–08 (BIA 2000)).

Our case law holds that the BIA may deny a motion to reopen on any one of "at least" three independent grounds:  (1) "failure to establish a prima facie case for the relief sought"; (2) "failure to introduce previously unavailable, material evidence"; and (3) "even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of [the] relief . . . sought."  *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)) (internal quotation marks omitted).  Essentially, where the ultimate relief is discretionary, as here, the BIA may "leap ahead" over threshold concerns (including whether a movant has established a prima facie case), "and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."  *INS v. Abudu*, 485 U.S. 94, 105 (1988); *see also* 8 C.F.R. § 1003.2(a).

Torres-Jacinto's argument is based on the "reasonable likelihood" of success standard, which relates to whether an individual has established a prima facie case.  *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (quoting *Ordonez*, 345 F.3d at 785) ("A prima facie case is established when 'the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.'"); *In re S-V-*,

22 I&N Dec. at 1308 ("We have found that a respondent demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied."); *Matter of Sipus*, 14 I&N Dec. 229, 231 (BIA 1972) (discussing prima facie showing and noting that reopening may be appropriate where "new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening").

Here, the BIA appears to have decided on the third ground.[2] The BIA's reliance on *Matter of Coelho*, 20 I&N Dec. at 473—in which the BIA noted that a movant bears a "heavy burden" of establishing that "new evidence offered would likely change the result in the case"—was not misplaced. *Matter of Coelho* articulated the standard at issue in denying relief to a petitioner on the third ground, *id.* at 473–74, and it reflects the Supreme Court's articulated understanding of motions to reopen generally, *see, e.g.*, *Abudu*, 485 U.S. at 110. The BIA did not, and was not required to, consider whether Torres-Jacinto had demonstrated his prima facie eligibility,

---

[2] After discussing Torres-Jacinto's newly proffered evidence, it concluded that relief was not warranted.

4

*Abudu*, 485 U.S. at 105–06, and thus was not required to evaluate the petition under the attendant "reasonable likelihood" standard, *Ordonez*, 345 F.3d at 785.[3]

**PETITION FOR REVIEW DENIED.**

---

[3] Because we determine that the "reasonable likelihood" standard relates to the determination of prima facie eligibility and that, here, the BIA did not rest on this ground, we need not and do not address whether the BIA has generally applied and may continue to apply different standards in this context.