**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJIT SINGH, | No. 11-72357 |
| Petitioner, | Agency No. A073-399-833 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ranjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his second motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, *see Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion as untimely and number-barred, where the successive motion was filed more than eleven years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 678-80 (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

The BIA did not abuse its discretion in denying Singh's request to remand to adjudicate his adjustment of status application since his eligibility for a new form of relief did not excuse him from the timeliness requirements. *See* 8 C.F.R. § 1003.2(c)(3); *see also Ocampo v. Holder*, 629 F.3d 923, 928 (9th Cir. 2010); *Alali-Amin v. Mukasey*, 523 F.3d 1039, 1041-42 (9th Cir. 2008).

In light of this disposition, we do not reach Singh's other contentions, including whether Singh received adequate notice of the consequences of his failure to depart.

**PETITION FOR REVIEW DENIED.**

11-72357