
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGTAR SINGH, | No. 15-70054 |
| Petitioner, | Agency No. A077-843-923 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III,<br>Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2017**
San Francisco, California

Before: WALLACE  and CALLAHAN, Circuit Judges, and RESTANI,*** Judge.

Jagtar Singh ("Singh") petitions for review from the Board of Immigration

Appeals' ("BIA")'s December 12, 2014 opinion denying his motion to reopen

removal proceedings based on changed country conditions.  Singh originally sought

---

* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

** This panel unanimously finds this case suitable for decision without argument.
Fed. R. App. P. 34(a)(2).

*** The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

asylum relief based on his Sikh religion and participation in the Akali Dal Mann, a Sikh separatist political party, and sought reopening based on deteriorating conditions for separatist Sikhs, implementation in India of an advanced biometric identity tracking system, and the election of a new prime minister in 2014. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). The BIA's denial of a motion to reopen immigration proceedings is reviewed for abuse of discretion. See Alali-Amin v. Mukasey, 523 F.3d 1039, 1041 (9th Cir. 2008). Under this standard of review, the panel will reverse the BIA's denial of a motion to reopen if it is "arbitrary, irrational, or contrary to law." Singh v. INS, 295 F.3d 1037, 1039 (9th Cir. 2002). The panel reviews the BIA's determination of purely legal questions de novo. Singh v. INS, 213 F.3d 1050, 1052 (9th Cir. 2000).

1. The BIA applied the correct prima facie standard and properly required Singh to prove his new evidence would likely change the result of the case. INS v. Abudu, 485 U.S. 94, 105 (1988). Further, Singh's motion to reopen did not clearly invoke an asylum claim, nor did his opening brief assert that the BIA erred in not expressly indicating its analysis included the standard for an asylum claim.

2. The BIA did not fail to consider adequately Singh's individual circumstances. The BIA did not abuse its discretion in considering changed country conditions for Sikhs and active Akali Dal members generally, including those with a

2

history of arrests. The BIA also properly found that the evidence presented by Singh did not relate to his own situation or was otherwise unreliable.

3. The BIA considered Singh's arguments based on country reports, the biometric identity tracking system, and the election of a new prime minister. The BIA's conclusion that Singh did not establish significantly changed country conditions to warrant an exception to the time limitation on his motion to reopen was not "arbitrary, irrational, or contrary to law." See Singh, 295 F.3d at 1039.

**PETITION DENIED.**