**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENA GUADALUPE MOLINA MENJIVAR, | No. 23-50 |
| | Agency No. A215-674-989 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2024[**]
Pasadena, California

Before: BUMATAY and MENDOZA, Circuit Judges, and MOSKOWITZ, District Judge.[***]

Petitioner Lorena Guadalupe Molina-Menjivar ("Molina") petitions for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen proceedings to seek asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on changed circumstances in El Salvador. In her petition for review, Molina presents the following issues alleging the BIA abused its discretion in denying the motion to reopen. First, she argues that the BIA erred in concluding she failed to show a material change in country conditions in El Salvador. Next, she asserts the BIA erred by misapplying the law in its analysis of one of her delineated particular social groups: deportees to El Salvador from the United States. Further, she asserts the BIA erred by failing to address the question of changed country conditions specifically with respect to her two other delineated particular social groups and her imputed political opinion. Finally, she asserts the BIA erred in denying her motion to reopen despite her allegation that she presented material and previously unavailable evidence of changed conditions and established a *prima facie* claim for relief.

A motion to reopen proceedings before the BIA can be filed no later than 90 days after the final administrative decision in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). "However, the ninety-day time limit does not apply where the motion to reopen is 'based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been

2

discovered or presented at the previous hearing.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting 8 C.F.R. § 1003.2(c)(3)(ii)). Molina filed her motion to reopen beyond the 90-day period, and thus, she must establish changed country conditions material to her claims for relief. *See id.*

We review the BIA's denial of a motion to reopen for abuse of discretion. *I.N.S. v. Doherty*, 502 U.S. 314, 323–24 (1992). Under the abuse of discretion standard, the decision of the BIA must be upheld unless it is arbitrary, irrational, or contrary to law. *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012). The "failure to establish a prima facie case for the relief sought" and "failure to introduce previously unavailable, material evidence" are each grounds that are independently sufficient for the BIA to deny a motion to reopen. *Najmabadi*, 597 F.3d at 986 (quoting *Doherty,* 502 U.S. at 323).

Where the BIA's denial of a motion to reopen is based on a question of law, however, it is reviewed de novo. *Alali-Amin v. Mukasey*, 523 F.3d 1039, 1041 (9th Cir. 2008). "Whether a group constitutes a 'particular social group' under the [Immigration and Nationality Act] is a question of law that we review de novo." *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (citing *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not abuse its discretion because its conclusions were not

arbitrary, irrational, or contrary to law. First, the BIA did not abuse its discretion in finding no material change in country conditions since Molina's initial asylum proceeding. Though "[g]eneral references to 'continuing' or 'remaining' problems [are] not evidence of a *change* in a country's conditions," *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) (emphasis in original) (citing *Najmabadi*, 597 F.3d at 989), evidence of the same type of harassment can constitute changed conditions where the harassment has materially increased or worsened, *see, e.g.*, *Salim v. Lynch*, 831 F.3d 1133, 1139 (9th Cir. 2016) (finding evidence that "conditions for Christians have 'changed dramatically'" is "sufficient to support a motion to reopen"); *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004) (finding new evidence that "the harassment had increased to the level of persecution" was "qualitatively different").

Here, the majority of Molina's evidence of changed circumstances either refers to conditions from before her initial asylum proceeding or does not refer to any specific time period. The few sources that discuss conditions after her initial asylum proceeding fail to show that those conditions are distinct from earlier conditions, or they show an increase or change that is not "qualitatively different from the evidence presented at [her] asylum hearing." *Malty*, 381 F.3d at 945. Finally, any changed conditions Molina showed affect the population of El Salvador at large and are not specific to her. *Najmabadi*, 597 F.3d at 985, 989

4

(finding changed circumstances must have "individualized relevancy" or "level of change that is linked" to applicant's specific circumstances). Though Molina was being threatened by a gang, her evidence does not show that these threats were connected to her delineated particular social groups or her political opinion.

Second, the BIA did not misapply the law while analyzing Molina's proposed social group of deportees. Even if *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) is distinguishable from the instant case, as Molina argues, there remains substantial Ninth Circuit precedent denying proposed social groups based on deportation status as overbroad and not sufficiently particular. *E.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Certainly, '[i]ndividuals falling within the parameters of this sweeping demographic division naturally manifest a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings.'") (citations omitted); *Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016) (petitioner "presented scarcely any contrary evidence" to refute BIA's finding that proposed group was "too amorphous, overbroad and diffuse."); *Barbosa*; 926 F.3d at 1059–60. The BIA's reasoning follows this precedent.

Third, the BIA did not abuse its discretion when it did not explicitly analyze changed country conditions for the particular social groups of women in El Salvador or female former business owners in El Salvador who owe unpaid

5

extortion money to gangs, or for Molina's imputed political opinion. While the BIA "must show proper consideration of all factors . . . in determining whether to grant a motion to reopen . . . and must articulate its reasons for denying such a motion," *Bhasin v. Gonzales*, 423 F.3d 977, 983–84 (9th Cir. 2005) (citations omitted), "'[t]he [BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted,'" *Najmabadi*, 597 F.3d at 990 (citations omitted) (alterations in original).

Here, the BIA concluded that Molina failed to show a material change in country conditions overall, which applies to all of her proposed social groups and her imputed political opinion. This finding and the reasoning provided are sufficient to show the BIA meaningfully engaged with the evidence and arguments. Further, remand on this ground would be futile because the BIA would still have to deny the claims. *See Najmabadi*, 597 F.3d at 991 (declining to remand where BIA did not directly reference some evidence because BIA would have come to the same conclusion, even considering this evidence). Even if the BIA were to analyze the conditions for these groups or this political opinion specifically, the evidence does not show a material increase in harm to women, business owners, people who owe money to gangs, and/or people with a political

6

opinion of refusing to pay rent to gangs in El Salvador since Molina's initial asylum proceeding in 2018. In addition, Molina failed to show that any changed conditions are individually relevant to her specific circumstances.

Fourth, the BIA further did not abuse its discretion when it did not explicitly analyze changed country conditions for Molina's imputed political opinion. In addition to the reasons explained above in issue three, Molina failed to exhaust the issue of political opinion before the BIA. To exhaust a claim, a petitioner must raise it in the administrative proceedings below with sufficient information about the claim "to put the BIA on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). Here, Molina did not explain what political opinion she purports to hold before the IJ or BIA. Additionally, her imputed political opinion of refusing to continue to pay rent to the gangs is not a cognizable political opinion under the Immigration and Nationality Act § 101(a)(42), 8 U.S.C. § 1101(a)(42). *See, e.g.*, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) ("If merely resisting a robbery could constitute expressing a political opinion, then every person who avoided being the victim of a crime could seek asylum. But most people who resist criminal activity directed towards them do so for obvious non-political self-interested reasons – they don't want to be the victim of a crime.").

Finally, the BIA did not abuse its discretion in denying Molina's motion to

7

reopen. This question improperly presupposes that Molina showed a material change in country conditions and established a *prima facie* claim for relief, but that the BIA denied her motion regardless. However, the evidence shows no material change in conditions. Molina also failed to establish a *prima facie* case because the evidence does not show that the gang threatened her because of her membership in any of her proposed groups, and some of Molina's proposed social groups and political opinion are not cognizable. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." (citations omitted)).

**PETITION DENIED.**